UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| United States of America, | Case No.: 18-CR-3676-GPC-1 |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS PURSUANT TO § 1326(d)** |
| v. | |
| Raul Mendez-Bello, | **[ECF No. 13.]** |
| Defendant. | |

In the wake of the Supreme Court's decision in *United States v. Pereira*, --- U.S. ----, 138 S. Ct. 2015 (2018), district courts throughout the country have diverged as to whether a Notice to Appear under 8 U.S.C. § 1229(a), which does not provide written notice of the time and place of removal hearings, renders a prior removal order susceptible to collateral attack under 8 U.S.C. § 1326(d).

The Defendant, Mr. Mendez-Bello, has moved to dismiss the government's indictment charging him with illegal reentry under 8 U.S.C. § 1326(a) and (b) pursuant to § 1326(d) and *Pereira*. (ECF No. 13.) The motion is (more than) fully briefed. (*See* ECF No. 18 (Government's response); ECF No. 20 (Defendant's reply); ECF Nos. 26, 27, 31, 38 (Supplemental Authorities and Briefings)).

"A defendant charged with illegal reentry pursuant to 8 U.S.C. § 1326 has the right to bring a collateral attack challenging the validity of his underlying removal order,

1

because that order serves as a predicate element of his conviction." *United States v. Ochoa*, 861 F.3d 1010, 1014 (9th Cir. 2017). In order to sustain a collateral challenge under Section 1326(d), the defendant must demonstrate that he or she (1) has exhausted all administrative remedies available to appeal the deportation order; (2) the underlying deportation proceedings at which the order was issued improperly deprived him of judicial review; and (3) the deportation order was fundamentally unfair. 8 U.S.C. § 1326(d); *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004). "An underlying removal order is fundamentally unfair if (1) a defendant's due process rights were violated by defects in his underlying [removal] proceeding, and (2) he suffered prejudice as a result of the defects." *Ubaldo-Figueroa*, 364 F.3d at 1048 (internal quotation marks and alterations omitted). The defendant bears the burden of proving all the Section 1326(d) elements. *Ochoa*, 861 F.3d at 1019.

Mr. Mendez-Bello has staked the success of his motion to dismiss on the fundamental unfairness prong of § 1326(d). The argument is that, pursuant to *Pereira*, his orders of removal were entered contrary to due process because the Immigration Judge lacked jurisdiction over the proceedings. Mr. Mendez-Bello posits that, because he "was removed when he should not have been,"—i.e., when there was no jurisdiction by the immigration judge, that he "clearly suffered prejudice." (ECF No. 13-1, at 7 (quoting *United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006)). He further contends that he is not required to exhaust administrative remedies or seek judicial review because, prior to *Pereira*, his jurisdictional arguments would have been futile. (*Id.*)

There is caselaw in Mr. Mendez-Bello's favor holding that an incomplete Notice to Appear does not serve as a valid charging document vesting the immigration judge with jurisdiction to commence removal proceedings. *See e.g.*, *United States v. Virgen-Ponce*, 320 F. Supp. 3d 1164 (E.D. Wash. 2018); *United States v. Pedroza-Rocha*, EP-18-CR-1286 DB (W.D. Tex. Sept. 21, 2018); *United States v. Cruz-Jiminez*, No. A-17-CR-630SS, 2018 WL 5779491 (W.D. Tex. Nov. 2, 2018). This argument, however, has lost

some of its luster as of late. For example, the district court in *United States v. Zapata-Cortinez*, No. SA-18-CR-343-OLG, 2018 WL 4770868 (W.D. Tex. Oct. 2, 2018), which originally found in favor of the defendant, recently changed course. *See Zapata-Cortinez*, No. SA-18-CR-343-OLG, 2018 WL 6061076 (denying the motion to dismiss pursuant to § 1326(d) upon reconsideration). The Board of Immigration Appeals ("BIA") also considered the *Pereira* issue and found that a Notice to Appear which fails to specify the time and place of removal proceedings does not divest the immigration judge of jurisdiction, so long as notice of hearing specifying the information is later sent to the noncitizen. *Matter of German Bermudez-Cota*, 27 I. & N. Dec. 441, 441 (BIA 2018). The so-called "two-step" approach articulated in *Bermudez-Cota* was recently granted *Auer* deference by the Sixth Circuit, which held that a technically-incomplete Notice to Appear may be cured, and jurisdiction may lie with the immigration judge, if the mandatory information about the time of hearing is provided separately from the Notice to Appear. *Hernadez-Perez v. Whitaker*, --- F.3d ---, 2018 WL 6580478, *4, *6 (6th Cir. 2018) (citing *Auer v. Robbins*, 519 U.S. 452, 461 (1997)).

The issue before the Court, however, is not one presented in the ordinary illegal re-entry case. Whereas a typical collateral challenge is aimed at removal orders issued pursuant to *Notices to Appear* governed by Section 1229(a), which came into effect April 1, 1997, by virtue of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), this case also involves removal orders issued pursuant to *Orders to Show Cause*, which are governed by Section 1252b of the Immigration Nationality Act, the statute which preceded IIRIRA. *See* 8 U.S.C. § 1252b(a)(1) (providing the required contents of a Notice to Appear) (repealed Sept. 30, 1996).

Here, Mr. Mendez-Bello has been ordered removed on five occasions. Four removal orders are predicated on pre-IIRIRA Orders to Show Cause, which were issued (1) April 4, 1994, (2) December 19, 1995, (2) May 3, 1996, and (4) September 2, 1996. The fifth (5) removal order is grounded in a post-IIRIRA Notice to Appear issued on

June 6, 1997. None of the five aforementioned charging documents provided written notice of the time and place of removal proceedings.

The Court is prepared to deny Mr. Mendez-Bello's motion to dismiss the indictment given the four pre-IIRIRA removal orders. Whether or not the holding in *Pereira* may be extended to divest immigration judges of jurisdiction in proceedings under Section 1229a of IIRIRA, the Court concludes that *Pereira* has no applicability to proceedings conducted pursuant to Section 1252(b), pre-IIRIRA.

In *Pereira*, the Supreme Court concluded that "a putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a notice to appear under section 1229(a)." 138 S. Ct. at 2113–14. The heart of the decision in *Pereira* lies in the particular, precisely clear statutory requirement in Section 1229(a), which required a Notice to Appear to provide "written notice . . . specifying . . . [t]he time and place at which the proceedings will be held." 8 U.S.C. 1229(a)(1)(G)(i). Even assuming arguendo that *Pereira*'s holding can be extended beyond the context of the stop-time rule from which it originated—such that it controls with respect to any removal proceeding commenced under Section 1229a—*Pereira* cannot go so far as to require the invalidation of Mr. Mendez-Bello's four pre-IIRIRA removal orders. Critically, those orders were initiated pursuant to Section 1252(a)(1), not Section 1229(a)(1).

Unlike Section 1229(a)(1), the applicable pre-IIRIRA statute did not require the operative charging document—i.e., Orders to Show Cause—to contain written notice specifying the time and place at which the proceedings will be held. *See* 8 U.S.C. 1252(a)(1) (articulating, under the heading of "Order to show cause," six required items that an Order to Show Cause must contain, but remaining silent as to time and place of proceedings). Instead, as is made clear by the immediately-ensuing (and entirely separate) provision, an Order to Show Cause need not contain a time and place of hearing to be a valid charging document. *See id*. § 1252(a)(2) (titled "Notice of time and place of proceedings"). Instead, written notice of the time and place of proceedings can be given to the noncitizen "in the order to show cause *or otherwise*." *Id.* (emphasis added). In this

4

respect, the pre-IIRIRA framework for notice of proceedings mirrors the two-step approach recently espoused by the BIA in *Bermudez-Cota*, and upheld by the Sixth Circuit in *Hernandez-Perez*.

Since briefing commenced on the present issue, two district courts have concluded that *Pereira* is inapplicable to Orders to Show Cause issued pre-IIRIRA. Those decisions are *United States v. Martin Torres-Medina*, No. 5:17-CR-281-1H, 2018 WL 6345350 (E.D.N.C. Dec. 4, 2018), and *United States v. Fernandez*, --- F. Supp. 3d ----, 2018 WL 5929632 (E.D. Va. 2018). The Court is convinced by the reasoning espoused in those cases: *Pereira* was based on the clear statutory mandate of Section 1229(a), a mandate which did not exist pre-IIRIRA. Indeed, as remarked in *Fernandez*, "IIRIRA effected a sea change in 'the way that deportation proceedings are commenced.'" *Id.* at *4 (citing *Martinez-Garcia v. Ashcroft*, 36 F.3d 732, 734 (9th Cir. 2004)). *Pereira* did not address the statutory scheme that existed pre-IIRIRA, and in the absence of compelling argument, the Court will not hold that its holding is applicable to pre-IIRIRA law.

Mr. Mendez-Bello contends that a different result should obtain because written notice of time and place promised by Section 1252b(a)(2) was never provided to him, either in an Order to Show Cause "or otherwise." (ECF No. 20, at 8–9.) Indeed, the parties seem to agree that no written notice was provided to Mr. Mendez-Bello subsequent to delivery of his four pre-IIRIRA Orders to Show Cause.

However, Mr. Mendez-Bello's argument does not long detain the Court. Pursuant to applicable regulations promulgated under authority delegated to the Attorney General, 8 U.S.C. § 1252(b) (1988 & Supp. V. 1993), jurisdiction vested with an immigration court upon the filing of a "charging document." 8 C.F.R. § 3.14(a) (1993). A "charging document," in turn, was defined to include the "Order to Show Cause." 8 C.F.R. § 3.13. If a valid Order to Show Cause need not provide notice of date and time, then jurisdiction vested with the immigration judges who ordered Mr. Mendez-Bello removed pre-IIRIRA, regardless of whether any later written notice was issued to him containing the information required to be given to him by virtue of Section 1252(a)(2).

5

Viewed in light of the applicable statutory and regulatory framework, the logical conclusion is that the time and place requirement pre-IIRIRA was not jurisdictional. It is, instead, a claims-processing rule. *Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 69 (2009) (explaining that subject-matter jurisdiction refers to a tribunal's power to hear a case, whereas a claim-processing rule does not reduce a tribunal's adjudicatory domain, and may not be asserted if improperly preserved). To be sure, the written notice demanded by Section 1252(a)(2) was mandatory upon the government. But, as the Supreme Court has held, "[n]ot all mandatory prescription, however emphatic, are . . . properly typed jurisdictional." *Id.* at 81 (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510 (2006)). If raised at an earlier juncture, i.e., at the removal proceeding, after the original entry of the order of removal, or upon appeal to the BIA, for example, lack of compliance with Section 1252(a)(2) might have forestalled the validity of a removal order. *See, e.g.*, *Huerta v. Gonzales*, 443 F.3d 753, 756 (10th Cir. 2006) (holding that the government waived an argument that the BIA lacked jurisdiction to hear an appeal from a noncitizen who filed a notice of appeal out of time, because the filing deadlines were mandatory, but not jurisdictional). However, "if," as here, "the party asserting the [claims-processing] rule waits too long to raise the point," then it is "forfeit." *Kontrick v. Ryan*, 540 U.S. 443, 456 (2002).

Accordingly, the Court concludes that Mr. Mendez-Bello's four pre-IIRIRA Orders to Show Cause are valid, and his related removal orders were not issued *ultra vires*. This finding not only vitiates Mr. Mendez-Bello's attempt to prove that his removal orders were issued in violation of due process, but also his argument that he suffered prejudice. Furthermore, because Mr. Mendez-Bello's collateral attack was premised on his assertion that *Pereira* excused him from showing exhaustion of administrative remedies or attempting to secure judicial review, the inapplicability of

*Pereira* to his pre-IIRIRA removals dooms those aspects of his contentions as well. The motion to dismiss fails and must be **denied**.[1]

**IT IS SO ORDERED.**

Dated: December 18, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] At this juncture, the Court need not determine whether Mr. Mendez-Bello's 1997 Notice to Appear is invalid under *Pereira*. Any one of Mr. Mendez-Bello's four pre-IIRIRA orders would suffice to carry the government's indictment under Section 1326(a).

In so far as a determination need be made prior to trial with respect to whether the 1997 order of removal gives rise to the sentencing enhancement sought by the government under Section 1326(b)(2), such will be issued in a separate order before trial.

7